UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CRAIG JOSEPH EDGIN,

    *Plaintiff*,                        CASE NO. 1:14-CV-14537-TLL-PTM

*v.*

PATRICK R. DONAHUE,          DISTRICT JUDGE THOMAS L. LUDINGTON
                                              MAGISTRATE JUDGE PATRICIA T. MORRIS

    *Defendant*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### I.    RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because Plaintiff has failed to state a basis for this Court's exercise of subject matter jurisdiction and has failed to state a claim upon which relief can be granted.

### II.    REPORT

#### A.    Introduction

On December 1, 2014, Plaintiff Craig Joseph Edgin, filed this *pro se* Complaint, alleging,

> The [United States Postal Service,] USPS had accom[m]odated my service connected disability[ie]s in excess of 19 years. When the USPS promoted me to a higher level (PS7) . . . . I could not perform the tasks of the job(s) for the promotion; failing the . . . math (pretest) and was fired. The USPS directed me to provide documents to support my request (to withdraw) from the position prior to their . . . terminating me, and would not provide an interactive process as required. Instead[,] the USPS refused to allow me to provide medical documentation (or determine what could be provided) and my [h]ealthcare provider (VA) stated they were provided what would be acceptable.

(Doc. 1 at 1-2.) In the "Relief" section where he is asked to "[b]riefly state exactly what you want the court to do for you," he writes

> What I've always wanted, to work[.] I was hired as a preference eligible veteran (injured during wartime) and can work. The USPS (or any employer) must have a process that works for both them, and their employees. Due to this I would respectfully ask for all back pay, benefits from the position I held (PS6) and be returned to work.

(Doc. 1 at 2.)

Plaintiff names only Patrick R. Donahue as a defendant in the caption on the General Civil Complaint form, and leaves the "Name of Defendant(s)" section blank. (*Id.* at 1.) In the "Additional Information" section he adds

> 1) The Merit Service Protection Board (MSPB) has not investigated or allowed my protected status as a person with (service connected disability[ie]s (Army).
> 2) The USPS also did not fire a nonveteran, female who was sent to offic[i]al training (and failed). The USPS provided her a job she could work.

(Doc. 1 at 3.)

### B.     Screening Procedure and Standards

In enacting the original IFP statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and that it *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or

2

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Federal Rule of Civil Procedure 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays,* 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two ways this Court can obtain jurisdiction over such a case; first, the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000.

## C. Governing Law and Analysis

I suggest that Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted and because it fails to state a basis for this Court's exercise of subject matter jurisdiction. Plaintiff does not claim that any federal law or right was violated; the only place he even mentions a federal law is in his Civil Cover Sheet, under the section that asks him to cite to the statute under which he is filing—he cites to 29 C.F.R. §§ 1614.404-1614.407, (Doc. 1 at 4), a section dealing with Title VII civil actions. *See* 42 U.S.C. § 2000e. Plaintiff also mentions having a "service connected disabilit[y]," (Doc. 1 at 1-2), which if the Court construed his Complaint *extremely* liberally, could implicate the Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. §§ 12111-12117. However, even construing the Complaint extremely liberally, and in the light most favorable to Plaintiff, the Complaint does not contain allegations that give rise to either a Title VII discrimination claim or an ADA discrimination claim because Plaintiff was not qualified for the position and because he only named an individual who does not meet the definition of employer.

Title VII, reads in relevant part that, "it shall be unlawful . . . for an employer . . . to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). "Employer" means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks . . . ." 42 U.S.C. § 2000e.

When a plaintiff cannot demonstrate discrimination with direct evidence, Title VII claims fall under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) burden shifting framework. *Idemudia v. J.P. Morgan Chase*, 434 Fed. App'x 495, 499 (6th Cir. 2011). Plaintiff must first demonstrate a prima facie case of race discrimination exists by showing all

4

of the following elements: (1) membership in a protected class; (2) "an adverse employment action"; (3) qualification for the position; and (4) replacement by a person not in the protected class or treatment of the plaintiff that is different than treatment of a "similarly-situated, non-protected employee[]." *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006) (citing *DiCarlo v. Potter*, 358 F.3d. 408, 415 (6th Cir. 2004)). If the plaintiff successfully establishes a prima facie case, then a presumption of discrimination arises and the defendant will have to show a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the defendant meets this burden then the burden will fall back on the Plaintiff to show that the defendant's proffered reason is just pretext for discrimination. *Id.*

For the first element, the only place that Plaintiff contends that he is a member of a protected class is when he asserts that a female who had also failed the test was not fired and was instead allowed to work in a position for which she was qualified. (Doc. 1 at 3.) Construing his Complaint *extremely* liberally then, he would meet the first and fourth prong. He also would meet the second prong because he was terminated. However, he fails to meet the third prong, because he specifically states that he failed the math test, (Doc. 1 at 2), which shows that he was not qualified. Therefore, I suggest Plaintiff has failed to make out any Title VII claim.

The Americans with Disabilities Act provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §§ 12111-12117. "Discriminate against a qualified individual on the basis of disability," includes, among other things, "not making reasonable accommodations to the known physical or mental

limitations of an otherwise qualified individual with a disability . . . ." 42 U.S.C. § 12112(b)(5)(A).

ADA claims also utilize the *McDonnell Douglas* burden-shifting framework when direct evidence is not available. *Talley v. Family Dollar Stores of Ohio*, 542 F.3d 1099, 1104-05 (6th Cir. 2008). "To prove a prima facie case of disability discrimination, a plaintiff must show that" he or she (1) "is disabled," (2) "is otherwise qualified to perform the essential functions of a position, with or without accommodation," and (3) "suffered an adverse employment action because of his [or her] disability." *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 433 (6th Cir. 2014) (citing *Talley*, 542 F.3d at 1105). In this case, even if the Complaint is construed extremely liberally, that is Plaintiff could meet the first element by merely asserting he had "service related disability[ie]s," Plaintiff's claim again fails because he has not shown that he was qualified for the position. (*See* Doc. 1 at 1.) In fact, he was not qualified because he failed the math test. (*Id.* at 2.)

Furthermore, for both Title VII, and the ADA, when naming an individual, the named individual must meet the definition of "employer." *Wathen v. General Elec. Co.*, 115 F.3d. 400, 404 (6th Cir. 1997). In this case, the only named Defendant is Donahue, an individual who clearly does not meet the definition of employer since Plaintiff worked for USPS and his employer was the federal government.

Plaintiff's claims also fail because the only place he mentions Donahue is in the caption of his Complaint—in the body of the Complaint he only discusses USPS's conduct, not Donahue's. However, because he does not name USPS as a Defendant, the only relevant conduct is Donahue's. Plaintiff leaves it for the Court to assume that Donahue was a supervisor, perhaps the supervisor that told him he was terminated. However, even though

6

Plaintiff is proceeding *pro se* and his Complaint should be construed liberally, he still must plead enough facts to show how Defendant's conduct violated Title VII or the ADA. It is too much to require a court to manufacture facts for a plaintiff. Therefore, I suggest, Plaintiff does not show how any of Defendant's conduct amounted to discrimination under either Title VII or the ADA.

### D. Conclusion

For the above reasons, I suggest that the Complaint should be *sua sponte* dismissed because it fails to state a basis for this Court's exercise of subject matter jurisdiction and because it fails to state a claim upon which relief may be granted.

## III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 5, 2015                           S/ PATRICIA T. MORRIS
                                                Patricia T. Morris
                                                United States Magistrate Judge