UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CRAIG JOSEPH EDGIN,

           Plaintiff,                        Case No. 14-cv-14537

v.                                                 Honorable Thomas L. Ludington

PATRICK R. DONAHUE,

           Defendant.

_____/

**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND
EXTENDING TIME IN WHICH TO FILE OBJECTIONS**

On December 1, 2014, Plaintiff Craig Joseph Edgin filed a complaint in this Court against Defendant Patrick R. Donahue. ECF No. 1. Along with his complaint he filed an application to proceed without prepaying fees or costs. ECF No. 2. Edgin's case was, on December 19, 2014, referred for consideration of pretrial matters to Magistrate Judge Patricia T. Morris. ECF No. 4. Magistrate Judge Morris approved Edgin's request to proceed in forma pauperis on December 23, 2014. ECF No. 5. After Edgin's request was approved, Judge Morris subjected his case to the in forma pauperis screening procedure established by 28 U.S.C. § 1915(e)(2)(B). Pursuant to this procedure, Judge Morris recommended that Edgin's complaint be dismissed sua sponte for failing to state a claim upon which relief may be granted. ECF No. 8.

Judge Morris issued her recommendation on December 31, 2014. ECF No. 8. As of that date, Edgin had 14 days to "serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). The election not to file objections to the Magistrate Judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and

recommendation waives any further right to appeal. Edgin's fourteen day period for filing objections has elapsed without any objections being filed. On January 12, 2015, however, within the objection period, Edgin filed a request for appointment of counsel. ECF No. 10. In that request he indicates that he would like the Court to appoint an attorney on his behalf to aid in the prosecution of the instant case. *Id*. An attorney will not be appointed for Edgin.

"Indigent parties in civil cases have no constitutional right to a court-appointed attorney." *Snell v. Corr. Med. Servs., Inc.*, No. 08-CV-254, 2008 WL 956708, at *1 (W.D. Mich. Apr. 8, 2008) (citing *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995)). Counsel may be appointed for indigent parties in civil cases, but such an appointment is at the discretion of the Court. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993). An attorney will be appointed for indigent parties in a civil suit only when justified by exceptional circumstances. *Id*. "In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id*. (internal quotation marks and citations omitted). Importantly, "[a]ppointment of counsel . . . is not appropriate when a pro se litigant's claims are frivolous, or when the chances of success are extremely slim." *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).

While this order does not constitute a review of the merits of the magistrate judge's recommendations, it should be noted that an independent review of Edgin's case has already found it to be without merit. Nothing in Edgin's application seeking appointment of counsel suggests, contrary to the magistrate judge's recommendations, that the issues in this case are sufficiently complex that appointment of counsel is warranted. Edgin's application will be denied.

Because Edgin's application, filed within the objections period, evinces a desire to further pursue his case, he will be granted an extension of time for the filing of objections to the December 31, 2014 report and recommendation. The fourteen day clock that began at the filing of the magistrate judge's report will start anew when this order is served on Edgin. He will have fourteen days from the date of service to respond to the December 31, 2014 report with any objections he may have.

Accordingly, it is **ORDERED** that Plaintiff Edgin's Request for Appointment of Counsel, ECF No. 10, is **DENIED**.

It is further **ORDERED** that the deadline in which Plaintiff Edgin may object to the report and recommendation, ECF No. 8, is **ADJOURNED**. Plaintiff Edgin must file any objections to the report and recommendation on or before **February 2, 2015**.

Dated: January 15, 2015                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Craig Joseph Edgin, at 618 W. Dawn Drive, Freeland, MI 48623 by first class U.S. mail on January 15, 2015.

s/Tracy A. Jacobs
TRACY A. JACOBS