UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CRAIG JOSEPH EDGIN,

                Plaintiff,                      Case No. 14-cv-14537

v.                                      Honorable Thomas L. Ludington

MEGAN J. BRENNAN,[1]

                Defendant.

_____/

## ORDER SUSTAINING OBJECTIONS, REJECTING REPORT AND RECOMMENDATION, AND DENYING MOTION TO DISMISS

On December 1, 2014, Plaintiff Craig Joseph Edgin filed a pro se complaint against Defendant Patrick R. Donahoe, Postmaster General of the United States Postal Service ("USPS"). Edgin claimed that USPS discriminated against him after he applied for a promotion and then was fired when he was not qualified for the promotion and not permitted to withdraw and return to a lower position. The case was referred to Magistrate Judge Patricia T. Morris for full-case management. Since Edgin applied to proceed without prepaying fees or costs, Judge Morris reviewed his complaint applying the in forma pauperis screening procedure. Judge Morris issued a Report recommending that Edgin's complaint be sua sponte dismissed for failing to state a claim for which relief may be granted. The Report concluded that Edgin admitted he was not qualified for the promotion he sought and did not properly sue an employer.

While Judge Morris's Report was pending, Defendant USPS became aware of the claims Edgin brought against it. USPS appeared in the case and moved to dismiss Edgin's complaint. It

_____

[1] Plaintiff Craig Edgin originally named Patrick R. Donahoe as Defendant (misspelled on the docket as Patrick R. Donahue, based on Edgin's handwriting). Patrick Donahoe was succeeded as Postmaster General by Megan Brennan on February 1, 2015.

contended that Edgin could not state a claim for relief. It claimed, similar to Judge Morris's

Report, that Edgin admitted he was not qualified for the promotion he sought and thus could not

sustain a claim of discrimination.

**I.**

Craig Edgin is a resident of Saginaw. He is also a veteran with a service-related

disability. He worked for USPS since May 5, 1993. USPS accommodated his disability up until

his termination.

USPS is the government service responsible for the delivery of the mails. Defendant

Postmaster General Brennan is the head of USPS.

In April of 2012, USPS was consolidating positions at Edgin's work location. As a result,

Edgin was faced with the possibility of being transferred to another position and potentially

another location. Edgin chose to bid for a reassignment using USPS's "eReassignment process."

Pl.'s Objs. 2, ECF No. 12. Unaware at the time, Edgin bid on a position for which he was not

qualified. The position he sought required certain math proficiency that Edgin did not possess.

This proficiency was assessed through an examination.

Based on his seniority, however, Edgin's bid for the position was successful. When Edgin

learned of the math proficiency test and recognized that he would not likely pass the test he

sought two accommodations. First, he sought accommodation in preparing for the math exam.[2]

Then, when he failed the exam he sought to be returned to a position for which he was qualified.

Two other female USPS employees found themselves in the same position as Edgin (trying to

---

[2] This is not plainly evident from Edgin's pleadings and certainly is not present in his complaint. He does, however, make reference to not being afforded sufficient time to study for the math exam. Construing his pleading liberally, this claim forms a portion of his allegations of failure to accommodate against USPS.

transfer to a position for which they were not qualified) and they were permitted to return to a position for which they were qualified.[3]

Edgin claims that he was not permitted to withdraw from his request for a promotion. He also asserts that he was not permitted to submit information concerning his disability to USPS and USPS did not engage in an interactive accommodation process with Edgin. Edgin explains that since he did not pass the math test required for the promotion and since he was not allowed to return to a lesser position, he was terminated.

**II.**

Edgin's case was referred to Judge Morris for full-case management. After granting Edgin's request to proceed in forma pauperis, Judge Morris subjected Edgin's complaint to the in forma pauperis screening procedure of 28 U.S.C. § 1915(e)(2)(B). On December 31, 2014, Judge Morris issued a Report recommending that Edgin's complaint be sua sponte dismissed for failure to state a claim upon which relief could be granted.

According to the Report, Edgin does not allege facts sufficient to support a claim of discrimination under the ADA[4] or Title VII. The Report concludes that since Edgin admitted that he failed the math test necessary for the promotion he was in place to receive, he cannot establish that he was qualified for the position and so both claims cannot succeed. Additionally, the Report notes that Edgin has sued a "Donahue," which is insufficient to establish that the person he names is an employer for purposes of an ADA or Title VII claim.

---

[3] Again, this claim is constructed out of Edgin's three different filings in this case. He does not allege that a second female was permitted to return to lesser position until his response to USPS's motion to dismiss was filed. He does state in his complaint, though, that at least one female found herself in Edgin's situation and was not terminated but instead returned to a position she was qualified for.

[4] As a federal employee, Edgin's claims would actually be brought under the Rehabilitation Act.

Edgin timely objected to the Report. In his objections he argued that he followed all proper procedures for suing the federal government. He also made additional claims not articulated in his complaint. These included violations of his collective bargaining rights. Edgin did explain in more detail the claims he made in his complaint. He explained that his position with USPS was being consolidated and he was being promoted. Initially he had applied for the promotion but later learned that he was not qualified for the position. He attempted to withdraw but USPS forced him to complete the promotion process and would not return him to a position for which he was qualified. USPS then terminated Edgin. Another USPS employee, a female that was not disabled and not a veteran, was faced with an identical circumstance and was permitted to withdraw from the promotion and return to a job for which she was qualified.

**A.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record.

**B.**

The Report recommended dismissing Edgin's claims for two reasons: because Edgin was not qualified for the promotion he sought and because he sued someone named "Donahue" and there is no evidence that "Donahue" is Edgin's employer. But Edgin's complaint does not support dismissal on these grounds.

First, Edgin does not assert that he should have been given the promotion for which he was unqualified. Rather, he claims that when he knew he was not qualified for the promotion (which he initially obtained based on seniority) he attempted to withdraw his application from consideration and be placed in a position for which he was qualified. Edgin does not explain if his disability was the cause of his inability to pass the math examination for the promotion but suggests that his disability and potentially his veteran status was related to his termination. He then goes on to explain that a female faced with the same circumstances as Edgin was permitted to withdraw and placed in a position for which she was qualified. Thus, Edgin makes out a claim of disability discrimination; discrimination based on veteran status; and gender discrimination. These claims stem from USPS not returning Edgin to a job for which he was qualified after he attempted to withdraw from a promotion.

Second, the Report's assertion that Edgin did not sue an employer is incorrect. Patrick R. Donahoe was the Postmaster General at the time Edgin filed his complaint.[5] An individual may sue an agency of the United States Government by naming the head of that agency as defendant. 42 U.S.C. § 2000e-16(c). In addition, Edgin noted on his civil cover sheet that the basis of jurisdiction for his claim was that he was suing the Government.

The Report will be rejected.

---

[5] It also appears in Edgin's complaint that he wrote "Donahoe" not "Donahue" as the Report claims. Either way, "Donahue" would be a minor typographical error incapable of defeating Edgin's claim.

**III.**

During the time the Report was pending, the Government received notice of Edgin's complaint and appeared in the case to defend against the suit. In response to Edgin's complaint, the Government filed a motion to dismiss Edgin's complaint. It argues that Edgin cannot state a claim upon which relief may be granted because Edgin admits that he is not eligible for the promotion he identifies in his complaint.

**A.**

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**B.**

The Government's motion to dismiss analyzes Edgin's complaint in the same manner as the Report. It takes Edgin's admission that he was not qualified for the promotion as an admission that he cannot state a claim of discrimination. But this argument assumes that Edgin

- 6 -

claims he was discriminated against by not being given the promotion. It appears, however, that Edgin claims he was discriminated against because he was not allowed to withdraw his application for the promotion position and also return to a position for which he was qualified.

The Government's motion to dismiss will be denied.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff Craig Edgin's Objections, ECF No. 12, are **SUSTAINED**.

It is further **ORDERED** that the Report and Recommendation, ECF No. 8, is **REJECTED**.

It is further **ORDERED** that the Government's Motion to Dismiss, ECF No. 17, is **DENIED**.

Dated: March 10, 2016                          s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 10, 2016.

                          s/Michael A. Sian
                          MICHAEL A. SIAN, Case Manager